**Charles D. FOSTER, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–1219.**

United States Court of Veterans Appeals.

Jan. 8, 1993.

R. Michael Kelly, Louisville, KY, was on the brief for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John C. Winkfield, Washington, DC, were on the pleadings, for appellee.

Before KRAMER, HOLDAWAY and IVERS, Associate Judges.

KRAMER, Associate Judge:

Appellant appeals an April 8, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to a total rating based on individual unemployability. Because the BVA failed to consider adequately all the evidence in the record and give sufficient "reasons or bases" for its decision, the decision of the BVA is vacated and the case remanded for readjudication of the claim in accordance with this opinion.

### I.

Charles D. Foster, appellant, served on active duty from December 1950 to July 1952. During the Korean Conflict, on October 3, 1951, appellant sustained a shell fragment wound to his left leg. R. at 1. Appellant has current service-connected disability ratings of 50% for left knee with ankylosis under 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5256 (1991), 20% for degenerative joint disease, right knee under DC 5003–5257, 10% for causalgia, left leg under DC 8724, and 6.4% for the application of the bilateral factor under 38 C.F.R. § 4.26 (1991), for a combined total disability rating of 70%. R. at 111–12. On February 20, 1987, appellant filed an "Application for Increased Compensation Based on Unemployability."

In a letter, dated September 13, 1988, Ed Hunsinger, a Veterans' Administration (now Department of Veterans Affairs) (VA) counseling psychologist, stated, in pertinent part, that

I have determined that you are not medically feasible for Vocational Rehabilitation. Your test results and your education, 8th grade, combines to limit you in what you can be trained to do in the work force. Your service-connected condition preclude[s] any work that would require walking, standing or treading. This combination of factors result[s] in your not being feasible for training and/or employment.

R. at 41. Additionally, appellant has maintained in his "Statement in Support of Claim" that a VA physician advised him that he could not engage in employment that involved sitting. R. at 91.

On April 8, 1991, the BVA denied this claim, and stated, in pertinent part, that "these disabilities affect only the lower extremities, do not preclude ambulation, and are not of the degree of severity as would preclude all forms of substantially gainful employment, such as sedentary activities consistent with his educational background." *Charles D. Foster*, BVA 91–12096, at 5 (Apr. 8, 1991). An appeal to this Court followed.

In light of the VA counseling psychologist's report that appellant cannot perform work that would require walking, standing, or treading, and appellant's assertion that a VA physician stated that he could not perform work involving sitting, the BVA, in its decision, has provided "neither an analysis of the credibility or probative value of the evidence submitted by or on behalf of appellant in support of his claim nor a statement of the reasons or bases for the implicit rejection of this evidence by the Board." *Hatlestad v. Derwinski*, 1 Vet.App. 164, 169 (1991) (quoting *Gilbert v. Derwinski*, 1 Vet.App. 49, 58 (1990)).

## II.

On February 10, 1992, counsel for the Secretary of Veterans Affairs (counsel) filed a motion for an extension of time until March 9, 1992, to file a response to appellant's brief. Counsel asserted that he had been unsuccessful in his attempts to contact the appellant's attorney and obtain his consent to the motion. On February 11, 1992, the Court stamp-granted counsel's motion. On February 27, 1992, appellant's attorney filed an opposition to counsel's February 10, 1992, motion, asserting in part that, contrary to the allegation contained in counsel's February 10, 1992, motion, no effort had been made by counsel to contact appellant's attorney. On March 9, 1992, counsel filed a second motion for an extension of time, seeking until April 7, 1992, to file a response to appellant's brief. Counsel again stated that he was unable to contact appellant's attorney regarding his consent to the motion. On March 16, 1992, appellant's attorney filed an opposition to counsel's March 9, 1992, motion, again asserting in part that counsel had made no effort to contact him. On April 7, 1992, counsel filed a third motion for an extension of time, seeking until April 21, 1992, to file a response to appellant's brief. Counsel again stated that he was unable to contact appellant's attorney regarding his consent to the motion. On April 14, 1992, the Court ordered, inter alia, counsel to file with the Court a memorandum explaining his efforts to contact appellant's attorney regarding the February 10, 1992, March 9, 1992, and April 7, 1992, motions for extensions of time. On April 21, 1992, counsel filed his response to the Court's order of April 14, 1992, asserting that he had in fact attempted to contact the appellant. On May 5, 1992, appellant's attorney filed an objection to counsel's April 21, 1992, response, asserting once again that counsel could not have made any effort to contact him.

■ While the Court accepts the statement of an officer of the Court that the telephone calls were attempted, the Court notes that counsel's response to this Court's order explaining his efforts to reach appellant's attorney was vague and incomplete. Specifically, there was no reference to the times of day that the calls were attempted, and whether copies of tele-

phone logs or other contemporaneous records were kept. The Court expects complete and accurate statements from its officers. To accept less would significantly impugn the integrity of the judicial process. The Court wishes to emphasize how seriously it views this duty and in the event that there is good cause to believe that this duty has been violated, appropriate action will be taken under the Court's Rules of Admission and Practice.

### III.

The decision of the BVA is VACATED, and the case REMANDED for readjudication and proceedings consistent with this opinion. Due to the lapse of time since appellant's last medical examination, appellant is free to introduce additional medical evidence to the BVA. The Court does not retain jurisdiction.